**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Scott M. Zauber, Esq.  SZ6086
Margaret A. Holland, Esq.  MH4707
SUBRANNI OSTROVE & ZAUBER
1624 Pacific Avenue, PO Box 1913
Atlantic City, NJ 08404
(609) 347-7000; FAX (609) 345-4545
Attorneys for Chapter 7 Trustee

In Re:

CRAIG S. PUCHALSKY

                        Debtor



Order Filed on 10/26/2010 by Clerk U.S. Bankruptcy Court District of New Jersey

Case No.    10-32742 (GMB)

Judge:    Honorable Gloria M. Burns

Hearing Date:  October 18, 2010 at 10:00 a.m.

**CONSENT ORDER BETWEEN CHAPTER 7 TRUSTEE AND JUDGMENT CREDITORS REGARDING SALE OF PROPERTY AND CARVEOUT PAYMENT TO THE ESTATE AND AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, LIENS TO ATTACH TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. § 363 AND WAIVER OF AUTOMATIC STAY PROVISION OF F.R.B.P. 6004(g)**

The relief set forth on the following pages, numbered two (2) through three (4) is hereby **ORDERED**.

**DATED: 10/26/2010**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

**(Page 2)**

Debtor:        Craig S. Puchalsky

Case No:      10-32742 (GMB)

Consent Order Between Chapter 7 Trustee and Judgment Creditors Regarding Sale of Property and Carveout Payment and Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances, Liens to Attach to the Proceeds of Sale Pursuant to 11 U.S.C. § 363 and Waiver of Automatic Stay Provision of F.R.B.P. 6004(G)

This matter was opened to the court by the motion filed by Thomas J. Subranni, Trustee, for sale of real estate to sell property, free and clear of liens, claims and encumbrances, liens to attach to the proceeds of sale pursuant to 11 U.S.C. § 363, and Waiver of Automatic Stay Provision of F.R.B.P. 6004(G).  This Consent Order is entered into by and between the Trustee and attorneys for the Internal Revenue Service, the State of New Jersey Division of Taxation, and Department of Labor and Workforce Development/Office of Special Compensation Funds (hereinafter the "State"), Collections & Recoveries Inc.,(collectively known as the "Judgment Creditors"). The parties have agreed through their attorneys that the background of this matter is a follows:

## BACKGROUND

A. Prior to the petition date the Judgment Creditors filed liens against the debtor for outstanding liabilities to the Internal Revenue Service and State of New Jersey.. Such liens are encumbering the debtor's Real Estate, which the Trustee desires to sell for the estate.

B. The Trustee desires to sell the Real Estate for the benefit of creditors in this case.

C. The bank has filed a motion to vacate the automatic stay and scheduled a sheriff's sale for the property.  It is anticipated that a sheriff's sale will bring in a substantially lower price then the current offer from the buyer in the amount of $565,000.000.

D. As an inducement to the Trustee to sell the Real Estate at a substantially higher purchase price, the Judgment Creditors have agreed that upon a sale of the real estate, a portion of the

*Approved by Judge Gloria M. Burns October  26, 2010*

Debtor:     Craig S. Puchalsky
Case No:    10-32742 (GMB)

Consent Order Between Chapter 7 Trustee and Judgment Creditors Regarding Sale of Property and Carve out Payment and Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances, Liens to Attach to the Proceeds of Sale Pursuant to 11 U.S.C. § 363 and Waiver of Automatic Stay Provision of F.R.B.P. 6004(G)

sale proceeds to which the Judgment Creditors would be entitled shall be paid to the bankruptcy estate for administration and unsecured creditors.

Now therefore it is ORDERED and ADJUDGED as follows:

1. The Trustee be and is hereby authorized to sell the Property located at 6 Lake Drive, Linwood, NJ 08221, for the consideration of $565,000.00 free and clear of liens, claims and encumbrances, liens to attach to the proceeds of sale.

2. This sale is approved and title shall pass free and clear of liens and encumbrances; any liens, claims and encumbrances that encumber or purport to encumber the Property including the liens of Wells Fargo Bank, NA, and the Judgment Creditors and any other liens shall attach to the proceeds of the sale.

3. The Trustee shall make all allowed distributions as a result of the closing, including Wells Fargo Bank, NA for the amount of its claim for the first mortgage.

4. The Trustee, in his capacity as Trustee and not individually, is granted full authority to and is hereby authorized and directed to execute, acknowledge and deliver such certificates, deeds, assignments, conveyances, bills of sale and other assurances, documents, and instruments of transfer and take such other action as may be reasonably necessary to transfer title to the Property; including payment of normal and reasonable closing costs.

*Approved by Judge Gloria M. Burns October 26, 2010*

Debtor:        Craig S. Puchalsky
Case No:     10-32742 (GMB)

Consent Order Between Chapter 7 Trustee and Judgment Creditors Regarding Sale of Property and Carveout Payment and Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances, Liens to Attach to the Proceeds of Sale Pursuant to 11 U.S.C. § 363 and Waiver of Automatic Stay Provision of F.R.B.P. 6004(G)

5. Pursuant to 11 U.S.C. § 1146(c), and N.J.A.C. 18:16-54, the sale of the Property shall be exempt from the imposition of the New Jersey Realty transfer tax and other charges of any kind or nature and all such governmental authorities and/or agencies are hereby directed to comply with the provisions of this Order.

6. The automatic stay provision of FRBP 6004(g) is hereby waived and settlement may proceed upon entry of this Order.

7. If the Trustee succeeds in his effort to sell the Real Estate the Trustee is permitted to make the following distributions:

a. Costs of the Chapter 7 Administration, all subject to normal review and approval by the Court is to be carved out from the proceeds on hand.

b. The realtors are authorized to receive a commission not to exceed 5% at the time of closing without the need for any further application through this Court upon the discretion of the Trustee.

c. The Trustee is permitted to specifically distribute $10,000.00 from the proceeds to unsecured creditors after filing approval of the Trustee's Final Report.

d. The balance of the proceeds after the costs of administration, costs of sale and carve out for unsecured creditors shall be paid to the Judgment Creditors pursuant to a consent order if the parties agree on the priority and validity of their liens.  If the parties do not agree then the Trustee shall file an adversary proceeding seeking to fix the extent, validity and priority of liens on the Real Estate for the remaining proceeds after administration, costs of sale and the carve out for unsecured creditors.

*Approved by Judge Gloria M. Burns October 26, 2010*

We hereby consent to the form, substance and entry of this Order:

Subranni, Ostrove & Zauber
Attorneys for Trustee Thomas J. Subranni

/s/ Scott M. Zauber
Scott M. Zauber, Esq.


Attorney for the Internal Revenue Service


/s/ Steven W. Ianacone
Steven W. Ianacone,
Special Assistant United States Attorney


Paula T. Dow
Attorney General of New Jersey


/s/ Ramanjit K. Chawla
By: Ramanjit K. Chawla
Deputy Attorney General
Attorney for State of New Jersey, Division of Taxation and
Department of Labor and Workforce Development/Office
of Special Compensation Funds

*Approved by Judge Gloria M. Burns October 26, 2010*