# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

SUBRANNI OSTROVE & ZAUBER
1624 Pacific Avenue, PO Box 1913
Atlantic City, NJ 08404
(609) 347-7000; Fax (609) 345-4545
Attorneys for Trustee, Thomas J. Subranni
By: Scott M. Zauber, Esq.  SZ6086

---

| | |
|---|---|
| In Re: | IN BANKRUPTCY |
| | CHAPTER 7 PROCEEDING |
| CRAIG S. PUCHALSKY | |
| | CASE NO. 10-32742-GMB |
| Debtor | Hearing Date: 12/14/2010 at 2:00 pm |
| | ORAL ARGUMENT WAIVED |

## FIRST INTERIM APPLICATION FOR ALLOWANCE
## TO COUNSEL FOR TRUSTEE

TO:   Honorable Gloria M. Burns
        United States Bankruptcy Judge

The application of Subranni Ostrove & Zauber (the "Law Firm"), counsel for the Trustee respectfully represents:

1. This is the Law Firm's first interim application for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by it in the representation of the Trustee of the Bankruptcy Estate.

2. On August 23, 2010, the Law Firm was retained under a general retainer to represent Thomas J. Subranni as Trustee in these proceedings under Chapter 7

pursuant to an Order executed by this Honorable Court. A copy of the order is annexed hereto as Exhibit "A".

3. The Law Firm assisted the Trustee in determining whether sufficient assets existed to offer a meaningful distribution to creditors. This included legal research and discovery into the potential equity in the property and the validity and strength of liens against the property beyond the mortgage.

4. At the time of the law firm's retention there was a "time of the essence" contract between the debtor and a purchaser for $565,000.00 required to close by October 30, 2010. The mortgage against the property was estimated at $400,000.00 and there were several hundred thousand in IRS liens against the property. The bankruptcy filing stayed a scheduled sheriff's sale against the property.

5. The debtor initially considered converting to a Chapter 11 to attempt to negotiate a "carve out" with the IRS to allow the $565,000.00 sale to go forward. The debtor obviously did not wish for the property to be foreclosed and conceivably have the equity beyond the mortgage "disappear" as the sheriff's sale was not likely to capture the contract value of the property.

6. Your Applicant immediately began negotiating with the IRS, working with the realtor to keep the contract alive, and began working with the title company to clean up significant issues to obtain clean title against the property.

7. Counsel assisted the Trustee in negotiating a carve out with the IRS that provided for all administration to be paid, together with $10,000.00 for unsecured creditors.

8. Counsel was also successful in working with the realtor and the trustee to assure that the buyer would not void the contract for various failures of the debtor prior to the bankruptcy filing. The contract was in serious jeopardy and the purchaser had counsel contact Trustee's counsel during the week before the closing in an attempt to cancel the contract. Your applicant spent significant energy convincing the purchaser's counsel that they had a legal obligation to proceed to closing.

9. At the same time, your Applicant assisted the Trustee in filing a motion to approve the sale and receive the necessary approvals for the sale to proceed.

10. Your applicant also assisted the Trustee and the realtor in taking possession of the property, dealing with various township permit issues, and obtaining a Certificate of Occupancy.

11. The Law Firm assisted the Trustee in defending Wells Fargo's motion for relief from the automatic stay. Wells Fargo filed the motion and counsel for the Trustee, together with counsel for the debtor opposed the motion as the sheriff's sale would have taken place shortly thereafter had the motion been granted.

12. The Law Firm assisted the Trustee in the retention of various professionals, including the appointment of a realtor.

13. The Law Firm assisted the Trustee in coordinating the sale of the debtor's property with the debtor's ex-wife that occupied the property.

14. The Law Firm attended settlement with the Trustee and assisted the Trustee in making certain the transaction was completed properly.

15. Attached hereto as Exhibit "B" is a detailed list showing the dates worked, the services performed and the attorney and the time involved in performing said services. Broken down by attorney and billing rates the hours total as follows:

| Name of Professional | Admitted | Hours | Rate | |
|---|---|---|---|---|
| 1. Thomas J. Subranni, Esq.. | 1972 | -- | $350.00 | $ 0.00 |
| 2. Nona L. Ostrove, Esq. | 1979 | -- | $300.00 | $ 0.00 |
| 3. Scott M. Zauber, Esq. | 2001 | 49.00 | $300.00 | $ 14,700.00 |
| 4. John P. Leon, Esq. | 1980 | 1.00 | $300.00 | $ 300.00 |
| 5. Margaret A. Holland | 1981 | 33.60 | $250.00 | $ 8,400.00 |
| | **Totals:** | 83.60 | | $ 23,400.00 |
| | **Disbursements:** | | | $ 186.04 |
| | **Total:** | | | **$ 23,586.04** |

16. Attached hereto at the end of Exhibit "B" is a detailed list of out-of-pocket expenses incurred by the Law Firm. All postage has been charged at actual cost, copies have been charged at the rate of .20 per copy, faxes at $1.00 per page and all other charges at their actual cost to this office.

17. The Law Firm has received no prior allowance in this matter, nor any promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever, in connection with this case and there is no agreement or understanding between the Law Firm and any other person other than members of the Law Firm for sharing compensation to be received for services rendered in this case.

18. The reasonable value of the services rendered by the Law Firm as Attorney for the Trustee in these proceedings under Chapter 7 is $23,400.00 plus out of pocket expenses in the amount of $186.04 for a total of $23,586.04.

WHEREFORE, the Law Firm prays that an allowance be made to it in the amounts as aforesaid, and for such further relief as the Court may deem proper and just.

                                                SUBRANNI OSTROVE & ZAUBER
                                               Attorneys for the Trustee

Dated:  November 11, 2010

                                               By:  /s/ Scott M. Zauber
                                                    SCOTT M. ZAUBER